UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Maggie H. McGee, Esq
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
Email:  Maggie.mcgee@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Case No. 23-17710 CMG |
| Judith Carr, | Chapter 11 |
| Debtor. | The Hon. Christine M. Gravelle |
|  | Hearing Date: 2/27/2024 @10:00 a.m. |

**OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S MOTION PURSUANT TO SECTIONS 105(A) AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 6004 FOR AN ORDER AUTHORIZING THE SALE OF DEBTOR'S INTEREST IN REAL PROPERTY COMMONLY KNOWN AS 23 SILVERLEAF WAY, MANALAPAN, MONMOUTH COUNTY, NEW JERSEY FREE AND CLEAR OF LIENS WITH VALID LIENS TO ATTACH TO PROCEEDS OF SALE**

Andrew R. Vara, United States Trustee for Regions 3 & 9 ("U.S. Trustee"), by and through his undersigned counsel, hereby objects to the Debtor's Motion Pursuant To Sections 105(A) And 363 Of The Bankruptcy Code And Bankruptcy Rules 2002 And 6004 For An Order Authorizing The Sale Of Debtor's Interest In Real Property Commonly Known As 23 Silverleaf Way, Manalapan, Monmouth County, New Jersey Free And Clear Of Liens With Valid Liens To Attach To Proceeds Of Sale ("Sale Motion"), and in support thereof, states as follows:

INTRODUCTION

1.  This Court has jurisdiction to hear and determine this Objection.

2.  Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District.  Such oversight is part of the U.S. Trustee's

overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the issues raised by this Objection.

## BACKGROUND AND RELEVANT FACTS

**A.     The Bankruptcy Case.**

4. On September 1, 2023 (the "Petition Date"), Judith Carr (the "Debtor") filed a voluntary petition for relief under Chapter 11 of title 11, United States Code. ECF No. 1.

5. The Debtor owns a single-family home located at 23 Silverleaf Way in Manalapan, Monmouth County, New Jersey (the "Silverleaf Property"). ECF No. 16.

6. On January 26, 2024, the Debtor filed the Sale Motion seeking to sell the Silverleaf Property to Galina Belokon for $1,100,000. No appraisal of the property is attached to the Sale Motion nor is any information provided as to how the price was determined. The Silverleaf Property has a lien on it in the amount of $1,522,775.66.

## APPLICABLE LAW AND ANALYSIS

**A.     The Sale Cannot Be Approved As The Debtor Has Not Shown That The Sale Is Proposed In Good Faith And For Fair Value.**

7. "[W]hen a bankruptcy court authorizes a sale of assets pursuant to section 363(b)(1), it is required to make a finding with respect to the 'good faith' of the purchaser." *In*

*re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 149-150 (3d Cir. 1986) at 149-50. A "good faith" purchaser is "one who purchases in 'good faith' and for 'value.'" *See id*. at 147.

8. Since the proposed transaction is outside the ordinary course and prior to chapter 11 plan confirmation, the Debtor must also prove that there is a sound business justification for the transaction. *In re Lionel Corp. 722 F.2d 1063, 1071 (2d Cir. 1983)*.

9. In accordance with *Lionel* and subsequent precedent within the Third Circuit, the Debtor must prove the following: (1) a sound business purpose for the sale; (2) the proposed sale price is fair; (3) the debtor has provided adequate and reasonable notice; and (4) the buyer has acted in good faith. *See In re Exaeris, Inc.*, 380 B.R. at 744; *accord In re Sovereign Estates, Ltd.*, 104 B.R. 702, 704 (Bankr. E.D.Pa. 1989). *See also Abbotts Dairies of Pa., Inc.*, 788 F.2d at 149-50.

10. The Sale Motion lacks sufficient information to meet the legal standards set forth above.

11. The Debtor has not submitted the appraisal or other evidence of the value of the property to all parties in interest or to the Court. As the Third Circuit noted in *Abbott's Dairies*, "courts have held that '[f]air and valuable consideration is given in a bankruptcy sale when the purchaser pays 75% of the appraised value of the assets." *See Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d at 149. Some evidence of the value of the assets must be provided to all parties-in-interest allowing them to have an opportunity to object to the Sale Motion and before this Court can approve the sale.

12. Part of showing the necessity of a section 363 transaction includes showing appropriate marketing of the assets, as part of the exercise of the debtor-in-possession's fiduciary duties to creditors. Marketing efforts must be designed to maximize the returns to the estate. *See In re WPRV-TV, Inc.,* 983 F.2d 336, 342 (1st Cir. 1983). Insufficient information has been

3

provided as to the price the proposed buyer is paying for the Debtor's assets. As stated no appraisal has been provided. Further, no information as to marketing efforts has been provided such as whether the property was ever placed on the market, whether any offers were received, and, if so, how much was offered. This information is essential in determining whether fair value is being given for the property.

13. The Debtor has failed to provide any information about the marketing of the Debtor's property. There is simply not enough information in the record concerning the fair value of the property being sold or the marketing efforts undertaken by the Debtor to allow such a transaction.

## CONCLUSION

WHEREFORE, considering the foregoing, the U.S. Trustee respectfully requests that the Sale Motion not be approved, and that the Court grant such further relief as is just and equitable.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 & 9

By:  /s/Maggie McGee
     Maggie McGee
     Trial Attorney

Dated: February 20, 2024

4