Donald V. Valenzano, Jr. - 011282010

| | **PRESSLER, FELT & WARSHAW, LLP** | | |
|---|---|---|---|
| SHELDON H. PRESSLER (1955-2017) | ATTORNEYS AT LAW | PATRICK WONG (NJ, NY) | CHRISTOPHER B. CARFAGNO (PA) |
| ----------------- | 7 Entin Rd. | THEOLOGIA PAPADELIAS (NJ) | RENUKA VIPAT (NY) |
| GERARD J. FELT (NJ) | Parsippany, NJ 07054-5020 | GERARDINO DI POPOLO (NJ) | DANIEL J. SANTUCCI (NJ, PA) |
| DAVID B. WARSHAW (NJ, NY, MA) | Office: (973) 753-5100 | HOWARD SCHACHTER (NJ, NY) | ADAM J. DE STEFANO (NJ) |
| ----------------- | Toll Free: (888)312-8600 | RYAN R. TAPPAN (NY) | DAVID V. WEINER (NJ, NY) |
| MICHAEL J. PETERS (NJ, NY) | Fax: (973) 753-5353 | STEPHEN E. LUNDY (NJ) | ADAM C. VanBUSKIRK (NJ) |
| CHRISTOPHER P. ODOGBILI (NJ, PA) | Website: pfwattorneys.com | MATTHEW J. MARTELLO (NJ, PA) | |
| DARREN H. TANAKA (NJ, NY) | | | |
| FRANCIS X. GRIMES (NJ, PA) | | | Office Hours: |
| CRAIG S. STILLER (NJ, NY, PA) | NY Office: | PA Office: | Monday-Friday: 8am-6pm |
| IAN Z. WINOGRAD (NJ, NY, PA, DC) | 305 Broadway, Suite 505 | 400 Horsham Rd. Suite 110 | DCWP License Number: 2069242-DCA |
| DONALD V. VALENZANO JR. (NJ, NY) | New York, NY 10007 | Horsham, PA 19044 | [X] New Jersey Office [ ] New York Office [ ] Pennsylvania Office |

FEBRUARY 26, 2024

<u>Via ECF</u>
HON. CHRISTINE M. GRAVELLE
402 EAST STATE ST., 3RD FLOOR
COURTROOM #3
TRENTON, NJ 08608
FREEHOLD NJ 077281252

Re: IN RE JUDITH CARR
    UNITED STATES BANKRUPTCY COURT, DISTRICT OF NEW JERSEY
    CASE NO. 23-17710
    PFW File Number: C263114A

To Hon. Christine M. Gravelle,

    This office represents creditor Jersey Shore Anesthesiology Associates (the "Creditor") in this bankruptcy. Debtor Judith Carr (the "Debtor") filed a Motion to Sell Property Free and Clear of Liens for the Real Property Commonly Known as 23 Silverleaf Way, Manalapan, NJ 07726 dated January 26, 2024 (the "Motion"). Please accept this letter in lieu of a more formal opposition to the Motion. The undersigned believed that opposition was due to this Motion by or on February 27, 2024, when in fact that is the hearing date. The undersigned apologizes for this oversight and will briefly set forth its opposition below.

    Debtor seeks to sell the property free and clear of Creditor's lien because Creditor failed to levy. This is incorrect. The Monmouth County Sheriff's Office levied upon the subject real property on April 4, 2014. Accordingly, Creditor respectfully submits that it perfected its lien by said levy and its lien is therefore not avoidable by Debtor or trustee pursuant to the 11 <u>U.S.C.</u> § 544(a) bankruptcy code.

    Debtor asserts that the selling price of $1,100,000.00 is an acceptable offer for the real property and that this Court should approve same because it is approximately 75% of the fair market value of the property.

This communication is from a debt collector.

Creditor respectfully submits that this is incorrect and the only way to ensure that the highest value is realized from a sale is to list the property for sale with a real estate agent.

Related, Creditor questions whether the subject transaction is an arms-length transaction. Debtor's certification asserts that the buyer is affiliated with Debtor's ex-husband. Accordingly, Creditor posits that the buyer is potentially not a disinterested person and the Court should further scrutinize that relationship before approving the sale.

Finally, Creditor notes that this is not Debtor's first bankruptcy proceeding. In fact, Debtor has seemingly been in three (3) bankruptcy proceedings in the last seven (7) years. Debtor has not even set forth a proposed plan as part of this Chapter 11 bankruptcy. Debtor has only filed the instant Motion as part of these proceedings. Creditor respectfully submits that Debtor's failure to even file a plan as part of these Chapter 11 bankruptcy proceedings is an indication that the instant bankruptcy case is in bad faith and only to frustrate Debtor's creditors by liquidating Debtor's main asset – the real property commonly known as 23 Silverleaf Way, Manalapan, NJ 07726.

Based on the foregoing, Creditor respectfully requests that the Court deny the Motion as this juncture. Alternatively, if the Court is not inclined to deny relief based on this submission alone, Creditor respectfully requests that the Court adjourn the Motion for a brief period to permit Creditor to submit more formal, detailed opposition to the Motion. **_ORAL ARGUMENT IS RESPECTFULLY REQUESTED_**.

Respectfully Submitted,

PRESSLER, FELT & WARSHAW, LLP

/s/ Donald V. Valenzano Jr.
Donald V. Valenzano, Jr.

**This communication is from a debt collector.**

<u>Via ECF</u>
CC: TIMOTHY P NEUMANN, ESQ.
    BROEGE NEUMANN FISCHER SHAVER
    25 ABE VOORHEES DR
    MANASQUAN, NJ 08736

    ALL OTHER INTERESTED PARTIES