**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Timothy P. Neumann, Esq.
Geoffrey P. Neumann, Esq.
BROEGE, NEUMANN, FISCHER & SHAVER, LLC
25 Abe Voorhees Drive
Manasquan, New Jersey 08736
(732) 223-8484
Email: timothy.neumann25@gmail.com
Email: geoff.neumann@gmail.com

*Attorneys For Debtor Judith Carr*

| | |
|---|---|
| In Re: | Case No.: 23-17710 |
| **JUDITH CARR**, | Chapter 11 |
| Debtor. | Judge: Christine M. Gravelle |

**OBJECTION TO CLAIM OF JERSEY SHORE ANESTHESIOLOGY ASSOCIATES**

Judith Carr, the debtor and debtor-in-possession ("the "Debtor") in the above-captioned Chapter 11 proceeding, by and through her undersigned counsel, hereby objects to the secured claim filed on behalf of Jersey Shore Anesthesiology Associates ("JSAA"), for the following reasons and to the following extent.

1. On November 13, 2023, claim number 7-1 was filed on behalf of JSAA (the "JASS Claim") by its counsel.

2. A copy of the JSAA Claim is annexed hereto as Exhibit A.

3. The JSAA was filed as a secured claim based upon a judgment of the Superior Court of New Jersey, a copy of which is appended to the JSAA Claim.

4. Although JSAA through its counsel has asserted that the sheriff levied on the real property owned by the Debtor known as 23 Silverleaf Way, Manalapan, Monmouth County, New Jersey

(the "Real Property"), no evidence of such levy is attached to the JSAA Claim and the lien of the judgment is avoidable pursuant to section 544(a) of the Bankruptcy Code..

5. Quite apart from the failure to show that a valid nonavoidable levy was effected, the Real Property is encumbered by prior valid liens which exceed the value of the Real Property and the lien of JSAA.

6. Consequently, by virtue of section 506(a) and (d), the lien of the judgment is void.

7. An objection (Dkt. 23, the "<u>SLS Objection</u>") to the Sale Motion filed on behalf of Specialized Loan Servicing LLC as servicing agent for HSBC Bank USA, National Association, as Trustee to Wells Fargo Bank, N.A. as Trustee for Bear Stearns Mortgage Funding Trust 2006-AC1, Asset-Backed Certificates, Series 2006-AC1("SLS") asserts that SLS is the holder of a first priority mortgage on the Real Property securing an indebtedness in the amount of $1,586,951.00 as of February 29, 2024.

8. The Real Property has been appraised as having a fair market value of $1,300,000. See copy of appraisal report annexed as Exhibit B.

9. The Real Property is currently the subject of a motion seeking approval of a short sale for approximately $1,175,000.00.

10. Section 506 of the Bankruptcy Code states, in pertinent part,

> (a) (1) [a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.
> \* \* \*
> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—
> > (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11. The JSAA Claim is entirely underwater and therefore unsecured. Although lien stripping is not permitted in Chapter 7 cases, it is in Chapter 11. See, Judge Wizmur's opinion in *In re Cook*, 432 B.R. 519, 526 (Bankr. D.N.J. 2010), aff'd, 449 B.R. 664 (D.N.J. 2011) ("Absent either a disposition of the putative collateral or valuation of the secured claim for plan confirmation in Chapter 11, 12 or 13, there is simply no basis on which to avoid a lien under § 506(d)."). The Debtor has filed a motion to sell the Real Property and there will be a disposition of the "putative collateral."

12. While a proof of claim is prima facie valid, once challenged, the presumption of validity vanishes, and the burden of proof is on the claimant. The presumption and its ultimate shifting to the claimant has been explained by the Third Circuit in the case of *In re Allegheny Intern., Inc.*, 954 F.2d 167, 173-174 (3rd Cir. 1992):

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie " valid. *In re Holm*, 931 F.2d 620, 623 (9th Cir.1991) (quoting 3 L. King, Collier on Bankruptcy § 502.02, at 502-22 (15th ed. 1991)). In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. It is often said that the objector must produce evidence equal in force to the prima facie case. Id.; see *In re Windsor Communications Group, Inc.*, 45 B.R. 770, 773 (Bankr.E.D.Pa.1985). In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. See *In re WHET, Inc.*, 33 B.R. 424, 437 (Bankr.D.Mass.1983). The burden of persuasion is always on the claimant. *Holm*, 931 F.2d at 623 (quoting Collier § 502.02, at 502-22); *Windsor Communications*, 45 B.R. at 773.

13. For the foregoing reasons, the JSAA Claim should be reclassified from a secured claim to an unsecured claim.

                                                Respectfully submitted,

                                                Broege, Neumann, Fischer & Shaver, LLC
                                                *Attorneys For Debtor Judith Carr*

                                                By: /s/ *Timothy P. Neumann, Esq.*
                                                      Timothy P. Neumann, Esq.

Date: March 25, 2024