**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Timothy P. Neumann, Esq. [TN6429]
Geoffrey P. Neumann, Esq. [059702019]
Broege, Neumann, Fischer & Shaver, LLC
25 Abe Voorhees Drive
Manasquan, New Jersey 08736
(732) 223-8484
*Attorneys For Debtor Judith Carr*

Order Filed on April 10, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

**JUDITH CARR,**

      Debtor.

Case No.: 23-17710

Chapter 11

Judge: Christine M. Gravelle

**ORDER AUTHORIZING THE SALE OF DEBTORS' INTEREST IN REAL PROPERTY
COMMONLY KNOWN AS 23 SILVERLEAF WAY, MONMOUTH COUNTY,
NEW JERSEY FREE AND CLEAR OF LIENS WITH
VALID LIENS TO ATTACH TO PROCEEDS OF SALE**

Recommended Local Form:    ☐ Followed    ■    Modified

The relief set forth on the following pages, numbered two (2) through seven (7)  is

hereby **ORDERED**.

**DATED: April 10, 2024**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

**Page** 2 of 8
Debtor:  Judith Carr
Case No.:  23-17710
Caption of Order:  *Order Approving Sale of Real Property*

_____

WHEREAS, this matter being opened to the Court by motion (the "Sale Motion") of Judith

Carr (the" Debtor") seeking entry of an order of this court authorizing the Debtor to sell certain

real property located at 23 Silverleaf Way, Monmouth County, New Jersey (the "Real Property")

described in the agreement for the sale of real property( the "Contract") between the Debtor and

Galina Belokon ("Purchaser")  annexed as Exhibit A to the Application filed in support of the Sale

Motion; and

WHEREAS an objection (Dkt. 33, the "UST Objection") to the Sale Motion was filed on

behalf of U.S. Trustee ("UST"); and

WHEREAS an objection (Dkt. 34, the "SLS Objection") to the Sale Motion was filed on

behalf of Specialized Loan Servicing LLC as servicing agent for HSBC Bank USA, National

Association, as Trustee to Wells Fargo Bank, N.A. as Trustee for Bear Stearns Mortgage Funding

Trust 2006-AC1, Asset-Backed Certificates, Series 2006-AC1("SLS") in which SLS has asserted

that it is the holder of a first priority mortgage on the Real Property securing an indebtedness in

the amount of $1,586,951.00 as of February 29, 2024; and

WHEREAS  Jersey Shore Anesthesiology Associates ("JSAA") has filed a secured claim

(claim number 7-1) in the amount of $4,627.76 and filed objection to the Sale Motion (Dkt. 35,

the "JSAA Objection") in which it has asserted that it is the holder of an unavoidable judgment

lien on the Real Property by virtue of a valid prepetition levy; and

WHEREAS as appears in the application filed in support of the Sale Motion, New Century

Financial Services, Inc. ("NCFC") holds two judgments against the Debtor: (1) Judgment Number:

DJ-015524-2014 in the amount of $3,850 plus costs of $149.00; and (2) Judgment Number: DJ-

**Page** 3 of 8
Debtor: Judith Carr
Case No.: 23-17710
Caption of Order: *Order Approving Sale of Real Property*

_____

150596-2012 in the amount of $4,082.91 plus costs of $153.65, interest of $1.68 and docketing

fee of $10.00 (collectively the "NCFC Judgments") which are liens against the Real Property

which NCFC asserts are unavoidable by virtue of valid prepetition levies, and it appearing that

NCFC is represented by the same counsel that represents JSAA; and

WHEREAS the Debtor has filed a motion to reclassify the JSAA Claim from secured to

unsecured (Dkt. 43); and

WHEREAS the Purchaser has increased her offer to an amount which will enable SLS to

receive at closing a net amount of $1,175,000.00 and SLS has agreed to accept $1,175,000.00 in

full satisfaction of its claim and withdraw the SLS Objection provided it is paid $1,175,000.00

from the sales proceeds at the time of closing in accordance with the terms of this Order; and

WHEREAS the Purchaser has also increased her offer by an additional $4,600 to be paid

to JSAA and NCFC, provided the compromise of the claims and liens of JSAA and NCFC is

approved by the Court after notice provided to all creditors pursuant to Fed. R. Bankr. Proc. 9019;

and

WHEREAS, the Court held a hearing on March 26, 2024 (the "Sale Hearing") at which

SLS, JSAA, and the UST appeared through their respective counsel and at which it appears that

the SLS Objection and the JSA Objection have been consensually resolved on terms spread on the

record and as set forth in the within Order, and at which the UST Objection was overruled; and for

good cause shown,

IT IS HEREBY FOUND AND DETERMINED THAT:

A.      The Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and

**Page** 4 of 8
Debtor:  Judith Carr
Case No.:  23-17710
Caption of Order:  *Order Approving Sale of Real Property*

_____

1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of these cases

in this District is proper under 28 U.S.C. §§ 1408 and 1409.

      B.      The statutory predicates for the relief sought in the Sale Motion are sections 105(a),

363, 365 and 1107(a) of the Bankruptcy Code and F. Rules of Bankr. Proc. 2002 and 6004.

      C.      Proper, timely, adequate and sufficient notice of the Sale Motion has been provided

in accordance with 11 U.S.C. §§ 102, 105(a) and 363 and Rules 2002, 6004 and 9014 of the

Bankruptcy Rules and the Motion, such notice was good and sufficient, and appropriate under the

particular circumstances, and no other or further notice of the Sale Hearing or the Sale, shall be

required.

      E.      No consents or approvals, other than those expressly set forth herein, are required

for the Debtor to consummate the Sale.

      F.      Approval of the Sale Motion at this time is in the best interests of the Chapter 11

estate, creditors, and other parties-in-interest.

      I.      The Debtor has demonstrated both (i) good, sufficient, and sound business purpose

and justification; and (ii) compelling circumstances for the Sale pursuant to 11 U.S.C. § 363(b).

      G.      A reasonable opportunity to object or be heard with respect to the Sale Motion and

the relief requested therein has been afforded to all interested persons and entities in accordance

with the Sale Motion.

      H.      The Purchase Price was negotiated, proposed and entered into by the Debtor and

Purchaser without collusion, in good faith, and from arm's-length bargaining positions.  Neither

the Debtor nor Purchaser, have engaged in any conduct that would cause or permit the Sale to be

**Page** 5 of 8
Debtor:  Judith Carr
Case No.:  23-17710
Caption of Order:  *Order Approving Sale of Real Property*

_____

avoided under 11 U.S.C. § 363(n).

I.      Purchaser is a good faith buyer as set forth in 11 U.S.C. § 363(m) and, as such, is entitled to all of the protections afforded thereby.  Purchaser has and will continue to act in good faith within the meaning of 11 U.S.C. § 363(m) in closing the transaction at all times after the entry of this Order.

J.      The Purchase Price provided (i) is fair and reasonable, and (ii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

K.      Purchaser would not have offered the Purchase Price nor agreed to purchase the Real Property and would not consummate the transaction contemplated herein, if the Sale was not free and clear of all liens, claims, encumbrances, and interests of any kind or nature whatsoever, or if Purchaser would, or in the future could, be liable for any liens, claims, encumbrances or interests.

L.      The Debtor may sell the Real Property free and clear of all liens, claims, encumbrances and interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(l) (5) have been satisfied.  Any non-debtor parties with interests in the Real Property who did not object, or who withdrew their objections, to the Sale Motion have consented, or are deemed to have consented, pursuant to 11 U.S.C. § 363(f)(2). Those non-debtor parties with interests in the Real Property who did object fall within one or more of the other subsections of 11 U.S.C. § 363(f) and are adequately protected by having their interests, if any, attach to the cash proceeds of the sale ultimately attributable to the property

**Page** 6 of 8
Debtor:  Judith Carr
Case No.:  23-17710
Caption of Order:  *Order Approving Sale of Real Property*

_____

against or in which they claim an interest.

      M.      The only known liens against the Real Property are as set forth in the Sale Motion

NOW THEREFORE, IT IS HEREBY:

      1.      ORDERED that the Sale Motion is granted, and the Debtor is authorized to sell the Real Property to Purchaser pursuant to and in accordance with the terms and conditions set forth herein and for a price augmented to ensure that the net proceeds payable to SLS are not less than $1,175,000.00 and that an additional $4,600.00 is held in escrow in the trust account of Debtor's counsel pending the outcome of a motion to compromise the claims and liens of JSAA and NCFC; and it is further

      2.      ORDERED that the proceeds of sale must be used to pay SLS not less than $1,175,000.00 at closing and to satisfy any liens for real property taxes or other municipal liens, if any.

      2.      ORDERED that all objections to the Sale Motion, that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled on the merits; and it is further

      4.      ORDERED that pursuant to 11 U.S.C. §§ 105(a) and 363(f), the Real Property shall be transferred to the Purchaser free and clear of all liens, claims, encumbrances or interests, with all such interests of any kind or nature whatsoever to attach to the net proceeds of the sale in the order of their priority, with the same validity, force and effect which they now have as against the Real Property, subject to any claims and defenses the Debtor or the debtor estate may possess with respect thereto; and it is further

**Page** 7 of 8
Debtor:  Judith Carr
Case No.:  23-17710
Caption of Order:  *Order Approving Sale of Real Property*

_____

5.	ORDERED that the transfer of the Real Property to Purchaser pursuant to the terms herein constitutes a legal, valid, and effective transfer of the Real Property, and shall vest Purchaser with all right, title, and interest of the Debtor and Debtor-in-Possession in and to the Real Property, free and clear of all liens, claims, encumbrances and interests of any kind or nature whatsoever; it is further

6.	ORDERED that Purchaser is a buyer in good faith and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code; and it is further

7.	ORDERED that the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale unless such authorization is duly stayed pending such appeal; and it is further

8.	ORDERED that Purchaser shall have the right to file a copy of this Order, which shall be accepted by any applicable recording office, as a cancellation of record or termination statement with respect to any mortgages or financing statements filed under the Uniform Commercial Code and as a discharge of any mortgage, lien, encumbrance, lis pendens or otherwise; and it is further

9.	ORDERED that notwithstanding Bankruptcy Rules 6004(g), 6006(d) and 7062, this Order shall be effective and enforceable immediately upon entry.  The Court expressly finds that there is no reason for delay in the implementation of this Order; and it is further

10.	ORDERED that the Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

11.	ORDERED that, pursuant to 11 U.S.C. 1107(a), the Debtor has the powers, rights

**Page** 8 of 8
Debtor:   Judith Carr
Case No.:   23-17710
Caption of Order:   *Order Approving Sale of Real Property*

_____

and privileges of a trustee and is entitled to any exemption from any otherwise applicable realty

transfer or similar tax.